UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH JAMES LOWE,

       Plaintiff,                            Case No. 1:18-cv-12835

v.                                         Honorable Thomas L. Ludington
                                                United States District Judge
WALBRO, LLC,

       Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL SUPPLEMENTAL DISCOVERY AND DIRECTING DEFENDANT TO SUPPLEMENT ITS RESPONSE TO PLAINTIFF'S DISCOVERY REQUEST**

In this employment-discrimination case, Plaintiff Kenneth James Lowe alleges Defendant Walbro, LLC discharged him because of his age after 42 years of employment. Defendant, on the other hand, alleges that Plaintiff's position became unnecessary as its business changed and Plaintiff's skills no longer matched the new business. The case is scheduled for a jury trial beginning on October 24, 2023. Plaintiff has filed a motion to compel Defendant to produce supplemental discovery before trial. For reasons explained below, Plaintiff's Motion will be granted in part, and Defendant will be directed to supplement its responses to one of Plaintiff's discovery requests by producing two documents.

I.

Plaintiff sued Defendant in 2018, alleging one count of age discrimination under Michigan's Elliot Larsen Civil Rights Act. ECF No. 1.

On November 1, 2018, the Parties exchanged initial written discovery requests. ECF No. 86 at PageID.1577. As relevant to his Motion, Plaintiff made the following requests:

37. Please produce any and all corporate records relating to any restructuring within the company or downsizing within the last 5 years, including documentation indicating all employees, along with their positions, who were reassigned, relocated, and/or terminated.

38. Please produce any and all succession planning documents pertaining to Defendant's Cass City location for the last 10 years.

39. Please produce any and all succession planning documents at Walbro for the last 10 years.

47. Please produce Plaintiff's complete employee/personnel file, including any and all evaluations of Plaintiff's performance.

51. Please produce any and all documents in any way pertaining to Plaintiff's employment with Defendant.

58. Please produce any and all documents/exhibits that Defendants plans to use and/or introduce at deposition or trial in this case.

61. Please produce any and all organizational charts for Defendant from the date Plaintiff's employment began through the present date.

62. Please produce all employee rosters for Defendant from the date Plaintiff's employment began through the present date.

ECF No. 82 at PageID.1437–38. Defendant filed its responses and objections on December 17, 2018. ECF No. 82 at PageID.1508–59.

In August 2019, Defendant moved for summary judgment, ECF No. 20, which this Court granted two months later, finding that Plaintiff could not establish a prima facie case under either the direct or indirect evidence framework. ECF No. 29. Plaintiff appealed, ECF No. 31, and the Sixth Circuit reversed and remanded, finding Plaintiff established a prima facie case under the direct evidence mixed motive framework. *Lowe v. Walbro LLC*, 972 F.3d 827 (6th Cir. 2020). Despite a confluence of factors since the Sixth Circuit's remand—including two attorney substitutions—leading to multiple adjournments of the jury trial, *see* ECF Nos. 38; 44; 45; 47; 55; 65, the trial is scheduled to begin on October 24, 2023. ECF No. 75.

Now, in anticipation of trial, Plaintiff has filed a motion to compel Defendant to supplement its discovery by producing three items: (1) a November 2017 ranking spreadsheet prepared by Tom Davidson; (2) a November 2017 selective talent upgrade list prepared by Adam Arkells; and (3) a demographic report prepared by Ann Guernsey. ECF No. 82 at PageID.1438. Defendant argues it has no duty to supplement because the documents Plaintiff seeks were never requested. ECF No. 86.

## II.

Parties must timely supplement discovery disclosures or responses. FED. R. CIV. P. 26(e)(1). "The duty to supplement discovery does not cease upon the close of the applicable discovery period." *Everlight Elecs. Co. v. Nichia Corp.*, No. 12-CV-11758, 2015 WL 412184, at *1 (E.D. Mich. Jan. 30, 2015) (citing *Gorzynski v. JetBlue Airways Corp.*, 03CV774A, 2012 WL 712067 (W.D.N.Y. Mar. 5, 2012)). Thus, in the discovery context, parties have a continuous obligation to "supplement or [to] correct" any "disclosure under Rule 26(a)" and any response "to an interrogatory, request for production, or request for admission." FED. R. CIV. P. 26(e)(1).

## III.

Plaintiff seeks an order compelling Defendant to produce three documents he asserts Defendant is required to produce under its continuing duty to supplement discovery. ECF No. 82 at PageID.1438–39. Each document will be analyzed in turn.

*November 2017 Ranking Spreadsheet and November 2017 Selective Talent Upgrade List*. First, Plaintiff seeks an order compelling Defendant to supplement its discovery responses by providing Plaintiff "[t]he 'ranking spreadsheet' as testified to by Tom Davidson on pages 55-60[1]

---

[1] Notably, Davidson discusses a *second* ranking spreadsheet prepared in November 2016 on pages 52-54 of his deposition. *See* ECF No. 82 at PageID.1461–62.

of his deposition" and "the 'selective talent upgrade list' as testified to by Adam Arkells during his deposition on pages 39-41." ECF No. 82 at PageID.1438. Having reviewed the cited pages of both Davidson's and Arkells's deposition testimony, it appears Davidson's "ranking spreadsheet" and Arkell's "selective talent upgrade list" are *not* the same document, but they *are* related.

As explained by Davidson, Walbro executed "talent upgrades" by creating "stack rankings" of Walbro employees and terminating those in the bottom ten percent of the rankings and bringing in "new talent." ECF No. 82 at PageID.1461. These "talent upgrades" were executed, in part, because "Walbro had a lot of engineers in the carburetor side and they didn't have anything in that electronic side, or the new technology, so they were doing a switch there." *Id.* Davidson testified that he prepared a ranking spreadsheet in November 2017 and that Plaintiff was "at the bottom of [his] ranking." ECF No. 82 at PageID.1462. He then emailed his rankings to Human Resources and Mike Coyle, the latter of whom reviewed the rankings "off site in November." *Id.* He further testified that, as a result of his ranking spreadsheet, he had a discussion with Arkells about whether Walbro should "upgrade" Plaintiff's position by terminating his employment or add a "higher level position" to manage Plaintiff. ECF No. 82 at PageID.1463.

Relatedly, Adam Arkells testified that he attended an "executive offsite meeting," in November 2017 to discuss "selective talent upgrades." ECF No. 82 at PageID.1495. Although Arkells admitted discussing Plaintiff at that offsite meeting, he testified that "[Plaintiff]'s name was not on [the selective talent upgrade list]." *Id.* According to Arkells, he compiled the selective talent upgrade list "from information provided by functional level leaders." *Id.*

Although the specifics of how the Davidson's Ranking Spreadsheet and Arkells's Selective Talent Upgrade Lists were compiled remain unclear, what *is* clear is that both documents were prepared in November 2017 in contemplation of dissolving unnecessary positions and adding new

positions that were relevant to Walbro's changing business. *See* ECF No. 82 at PageID.1461–63, 1495. In this way, both documents are "records relating to any restructuring within the company,"—regardless of whether any such restructuring was actually implemented—which are records that Plaintiff requested in November 2018. ECF No. 82 at PageID.1542. Thus, Defendant will be directed to supplement its response to Plaintiff's Request 37 by producing Davidson's November 2017 Ranking Spreadsheet and Arkells's November 2017 Selective Talent Upgrade List.

*Demographic report.* Plaintiff also seeks an order compelling Defendant to supplement its discovery responses by producing "the 'demographic report' as testified [to] by Ann Guernsey on pages 13-14 of her deposition." ECF No. 82 at PageID.1438. According to Guernsey, the demographic report "primarily identified the number of employees that had certain degrees." ECF No. 82 at PageID.1479. But Plaintiff did not previously request such demographic reports. *See generally* ECF No. 82 at PageID.1508–58. And Plaintiff may not seek to obtain late discovery by masking his new request as a request to compel supplementation. Accordingly, Plaintiff's Motion will be denied in part to the extent it seeks to compel production of the demographic report.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel Supplemental Discovery, ECF No. 82, is **GRANTED IN PART** to the extent it seeks to compel production of Davidson's November 2017 Ranking Spreadsheet and Arkells's November 2017 Selective Talent Upgrade List.

Further, it is **ORDERED** that Plaintiff's Motion to Compel Supplemental Discovery, ECF No. 82, is **DENIED IN PART** to the extent it seeks to compel production of "the 'demographic report' as testified [to] by Ann Guernsey."

- 6 -

Further, it is **ORDERED** that Defendant is **DIRECTED** to **SUPPLEMENT** its response to Plaintiff's Discovery Request 37, ECF No. 82 at PageID.1542–43, by **PRODUCING** Davidson's November 2017 Ranking Spreadsheet and Arkells's November 2017 Selective Talent Upgrade List **on or before October 12, 2023**.

**This is not a final order and does not close the above-captioned case.**

Dated: October 5, 2023               s/Thomas L. Ludington
                                     THOMAS L. LUDINGTON
                                     United States District Judge