UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH JAMES LOWE,

       Plaintiff,                                    Case No. 1:18-cv-12835

v.                                                         Honorable Thomas L. Ludington
                                                               United States District Judge

WALBRO, LLC,

       Defendant.

_____/

**OPINION AND ORDER DENYING IN PART AND TAKING UNDER ADVISEMENT IN PART DEFENDANT'S MOTION TO LIMIT PLAINTIFF'S ALLEGED BACK PAY AND BAR FRONT PAY DAMAGES**

In this employment-discrimination case, Plaintiff Kenneth James Lowe alleges Defendant Walbro, LLC discharged him because of his age after 42 years of employment. Defendant, on the other hand, alleges that Plaintiff's position became unnecessary as its business model changed and Plaintiff's skills were no longer necessary. The case is scheduled for a jury trial beginning on October 24, 2023.

On October 4, 2023, the Parties attended a final pretrial conference and discussed draft jury instructions and a draft verdict form. The Parties disagreed about the propriety of front-pay damages and back-pay damages after November 2020, when Plaintiff's expert reported Plaintiff retired. Accordingly, Defendant filed this Motion to preclude any award of front-pay or back-pay damages. As explained hereafter, Defendant's Motion will be denied as to back-pay damages, and the question of Plaintiff's backpay damages after November 2020 will be submitted to the jury. The separate question of front-pay damages will be taken under advisement by this Court.

## I.

In June 2018, Defendant Walbro, LLC, terminated Plaintiff Kenneth James Lowe's employment after 42 years with the company. *Lowe v. Walbro LLC*, 972 F.3d 827, 829 (6th Cir. 2020).

Three weeks after he was fired, Plaintiff began working as a project manager at Thumb Cooling & Heating. ECF No. 97 at PageID.1765.

In September 2018, Plaintiff sued Defendant, alleging a single count of age discrimination under Michigan's Elliot Larsen Civil Rights Act (ELCRA). ECF No. 1. In August 2019, Defendant moved for summary judgment, ECF No. 20, which this Court granted two months later, finding that Plaintiff could not establish a prima facie case under either the direct or indirect evidence framework. ECF No. 29. Plaintiff appealed, ECF No. 31, and the Sixth Circuit reversed and remanded, finding Plaintiff established a prima facie case of age discrimination under the direct evidence mixed motive framework. *Lowe v. Walbro LLC*, 972 F.3d 827 (6th Cir. 2020).

Throughout this time period, Plaintiff remained employed with Thumb Cooling & Heating, with the exception of a three-month period from March through June 2020 during the COVID-19 pandemic.[1] ECF No. 97 at 1764–65. Then, in November 2020, Plaintiff stopped working to have hip surgery. *Id.* at PageID.1767. In January 2021, Plaintiff's doctors cleared him to return to work, but Thumb Cooling & Heating terminated his employment on January 18, 2021. *Id.* He has not worked since. ECF Nos. 94-2 at PageID.1739 (noting Plaintiff "last [] worked November 13, 2020); 94-3 at PageID.1744 ("Mr. Lowe became unemployed in 2021").

---

[1] Plaintiff received unemployment benefits during this three-month period. *See* ECF No. 97 at PageID.1765.

On August 29, 2023, Defense Counsel contacted Plaintiff's Counsel seeking supplemental discovery related to Plaintiff's required job-search efforts to mitigate his damages, if any. ECF No. 94 at PageID.1718. Two days later, Plaintiff's Counsel responded that "Plaintiff is not aware of, nor does he have any responsive documents" related to Plaintiff's job-search efforts. ECF No. 94-4 at PageID.1748.

On September 5, 2023, Dr. Gerald Shiener, M.D., Plaintiff's psychiatric expert, authored a supplemental expert report in which he wrote, "Kenneth James Lowe is now a 67[2] year-old, white male who is retired from Thumb Heating & Cooling where he worked for about two years, last having worked November 13, 2020." ECF No. 94-2 at PageID.1739.

In light of Dr. Shiener's Report, and Plaintiff's admission that there was no documentation of his job-search efforts, Defendant now seeks a court order precluding back-pay damages after November 13, 2020, and barring front-pay damages because it asserts Defendant admitted he "retired" in November 2020 and has not provided any evidence of attempts to seek other work. ECF No. 94. Plaintiff opposes the Motion, arguing front-pay and back-pay damages determinations are "reserved for the jury, not the court," ECF No. 97 at PageID.1775, and even if the issue was for this Court to decide, Defendant has not shown that Plaintiff should be similarly barred from receiving front-pay damages. *Id.* at PageID.1777–79.

## II.

Back pay is a monetary award "based on earnings and other fiscal benefits that the plaintiff would have received but for the unlawful employment practice." *Rasheed v. Chrysler Corp.*, 517 N.W.2d 19 (1994), n. 8 (quoting 2 Larson, Employment Discrimination, § 55.31, p. 11-96.1). Front

---

[2] Notably, Plaintiff is 65 years old, not 67 years old. *See* ECF No. 94-2 at PageID.1738 (noting Plaintiff's birth date of March 8, 1958).

pay, on the other hand, is "a monetary award that compensates victims of discrimination for lost employment extending beyond the date of the remedial order." *Id.*

In ELCRA cases, "the propriety of a back pay award hinges on a finding of liability," thus, the question of back pay is generally one for the jury. *Kelmendi v. Detroit Bd. of Educ.*, No. 12-14949, 2017 WL 1502626, at *8 (E.D. Mich. Apr. 27, 2017) (citing *Rasheed v. Chrysler Corp.*, 517 N.W.2d 19, 32 (Mich. 1994) ("[T]he trial court erred as a matter of law by deciding the continued backpay issue *before* the factfinder decided defendants' ultimate liability for the alleged discriminatory discharge" in an ELCRA case (emphasis in original))). An award of back pay, however, may be limited if the defendant proves that the plaintiff has failed to mitigate their damages by demonstrating "that (1) substantially equivalent positions were available, and (2) [the] [p]laintiff failed to exercise reasonable care and diligence in seeking those positions." *Clark v. Cnty. of Saginaw*, 624 F. Supp. 3d 823, 836 (E.D. Mich. 2022) (citing *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983).

Front pay, however, is different. "Trial courts play a gatekeeping role and can thus dispense with any possibility of a front pay award before a jury reaches a finding on liability." *Kelmendi v. Detroit Bd. of Educ.*, No. 12-14949, 2017 WL 1502626, at *8 (E.D. Mich. Apr. 27, 2017). In the Sixth Circuit, although "the determination of the precise amount of . . . front pay is a jury question, the initial determination of the propriety of an award of front pay is a matter for the court." *Arban v. W. Pub. Corp.*, 345 F.3d 390, 406 (6th Cir. 2003). Although *Abran* addressed front pay in the FMLA context, it "borrowed" its rule from an ADEA case, and the same rule "appears to be the rule under Michigan law for claims under the ELCRA." *Kelmendi. See also Riethmiller v. Blue Cross & Blue Shield of Michigan*, 390 N.W.2d 227, 233 (Mich. Ct. App. 1986) (per curiam) (holding under ELCRA that "the trial court should have discretion in deciding, based on

circumstances of each case, whether to award future damages"); *see also Nemeth v. Clark Equip. Co.*, No. K84-433 CAB, 1988 WL 156345, at *2 (W.D. Mich. Sept. 9, 1988) ("It appears clear that under Michigan law, the Court determines whether future damages are available to a given plaintiff, . . . while the jury determines the amount of those damages"); *but see Landin v. Healthsource Saginaw, Inc.,* 854 N.W.2d 152, 166 (Mich. Ct. App. 2014) (questioning whether *Riethmiller* gives trial courts a gatekeeping role for front pay).

### III.

First, Defendant argues that any back-pay damages should not be permitted to extend beyond November 13, 2020, because Plaintiff reported he "retired", and his Counsel concedes that Plaintiff has no documentation of any efforts to find work since that date. ECF No. 94 at PageID.1727–29. But this is a failure-to-mitigate argument that cannot be addressed until a jury has had the opportunity to consider liability. *See Clark v. Cnty. of Saginaw*, 624 F. Supp. 3d 823, 836 (E.D. Mich. 2022) ("Whether Plaintiff properly mitigated her damages . . . [is] a question[] for the jury."); *Ruddy v. Online Tech LLC*, No. 218CV12972TGBDRG, 2021 WL 807875, at *11 (E.D. Mich. Mar. 3, 2021) ("Issues of failure to mitigate . . . will be properly before the jury."). Thus, Defendant's Motion will be denied to the extent it seeks to summarily bar any award of back-pay damages beyond November 2020. Defendant may make these failure-to-mitigate arguments to the jury and, if they are persuaded on the question of liability, they may decide what effect—if any—Plaintiff's actions between November 2020 and October 2023 have on the calculation of back pay under the mitigation-of-damages framework.

Next, Defendant seeks to limit Plaintiff's potential damages by arguing that front-pay damages are not supported by evidence since Plaintiff reported that he is retired and has not submitted any evidence of his job-search efforts. ECF No. 94 at PageID.1733–35.

The trial court "play[s] a gatekeeping role" in deciding whether a jury may award front-pay damages. *Kelmendi v. Detroit Bd. of Educ.*, No. 12-14949, 2017 WL 1502626, at *8 (E.D. Mich. Apr. 27, 2017). This rule, widely accepted in the Sixth Circuit, appears to be the rule in ELCRA claims in Michigan, as well. *See supra*, Part II. True, as Plaintiff's point out, *see* ECF No. 97 at PageID.1776, a Michigan Court of Appeals panel *questioned* the effect of *Riethmiller* in 2014, but it did not *overrule Riethmiller*, nor has any Michigan case since *Landin*. *See Landin v. Healthsource Saginaw, Inc.,* 854 N.W.2d 152, 166 (Mich. Ct. App. 2014). In sum, *Riethmiller* is still good law and this Court will follow its instruction—which, importantly, conforms with the Sixth Circuit's instructions—that the propriety of front-pay damages is a question for this Court. *See Riethmiller v. Blue Cross & Blue Shield of Michigan*, 390 N.W.2d 227, 233 (Mich. Ct. App. 1986) (per curiam) (holding "the trial court should have discretion in deciding, based on circumstances of each case, whether to award future damages" in ELCRA claims).

But, having considered the evidence presently before this Court—an excerpt from Dr. Shiener's supplemental expert report and the absence of any documentation related to reemployment efforts—there is not yet enough sufficient evidence for this Court to decide the propriety of front-pay damages. It is not clear from the face of Dr. Shiener's report whether Plaintiff himself used the term "retired," or it was merely Dr. Shiener's own conclusion from his discussion with Plaintiff. And, notably, Plaintiff asserts he collected unemployment from November 2020 through February 2022, which required him to search for a job. ECF No. 97 at PageID.1767.

If, however, Plaintiff self-described himself as "retired" and does not demonstrate any concrete efforts to secure future employment, front-pay damages would likely be inappropriate, as such evidence would suggest Plaintiff did not seek other employment because he had reached the

age of "mandatory retirement." *Riethmiller*, 390 N.W.2d 227, 233 (Mich. Ct. App. 1986) ("[I]n deciding whether to award front pay damages, a court should look to (1) whether reinstatement would be a feasible remedy, (2) the employee's prospects for other employment, and (3) the number of years remaining before the employee would be faced with mandatory retirement.").

But both Parties must be permitted to present their proofs at trial, where evidentiary "questions of foundation, relevancy, and potential prejudice may be resolved in the proper context and on a fully developed record." *Fan v. Fuyao Auto. N. Am., Inc.,* No. 19-CV-11613, 2022 WL 566180, at *4 (E.D. Mich. Feb. 24, 2022). Thus, to the extent Defendant's Motion seeks an order precluding the issue of front-pay damages from being presented to the jury, it's Motion will be taken under advisement, and this Court will make such a determination at the close of Plaintiff's proofs before substantive instructions are provided to the jury.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion to Limit Plaintiff's Alleged Back Pay and Bar Front Pay Damages, ECF No. 94, is **DENIED IN PART**, to the extent it seeks to limit Plaintiff's back pay by precluding any award of back pay after November 13, 2020.

Further, it is **ORDERED** that Defendant's Motion to Limit Plaintiff's alleged Back Pay and Front Pay Damages, ECF No. 94, is **TAKEN UNDER ADVISEMENT IN PART**, to the extent it seeks to preclude any award of front pay. This Court will determine whether the issue of front pay will go to the jury at the close of Plaintiff's proofs.

**This is not a final order and does not close the above-captioned case.**

Dated: October 12, 2023                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge